(110 App. Div. 813.)

## ALLTER v. JEROME et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

PLEADING—BILL OF PARTICULARS.

> In an action by a judgment creditor, seeking to have a conveyance by defendant debtor to defendant grantee set aside as fraudulent and to subject the land covered thereby to execution, defendants answered separately, alleging that for certain years defendant grantee had worked for defendant debtor, that her services were actually worth $100 per year, and that the conveyance was executed in part payment therefor; one of the answers alleging in addition an express promise to pay said $100 per year. *Held* that, no special reason appearing therefor, plaintiff was not entitled to a verified bill of particulars giving a copy of the agreement, if in writing, or, if not, the date when it was made, and stating when the wages of $100 per year were agreed on.
>
> [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 963–964.]

Appeal from Special Term, Montgomery County.

Action by Wesley Allter against Lydia Jerome and another. From an order requiring defendants to furnish a bill of particulars, they appeal. Reversed.

The plaintiff by his amended complaint alleges that he recovered a judgment against the defendant Jerome in 1901 on a claim for groceries and provisions sold to her in 1896 and thereafter, to and including September 5, 1899; that he caused said judgment to be duly docketed in the county of Montgomery, and a transcript thereof to be duly filed in the county of Herkimer; and that execution has been issued thereon in the county of Kerkimer, where the said Jerome resided and yet resides, and that the same has been returned wholly unsatisfied. He further alleges that the defendant Jerome was the owner of certain real property in the county of Montgomery which she conveyed by deed dated November 9, 1898, to the defendant Smith, reserving to herself a life estate in the following words: "Said grantor reserves to herself for the period of her natural life the right to use and occupy the same, and have all the rents, issues, and profits thereof." The complaint further alleges that the conveyance of said real property by the defendant Jerome to the defendant Smith was fraudulent and void as to the plaintiff, and that it was made with intent by the parties to hinder, delay, and defraud the plaintiff. The complaint demands judgment that said deed be adjudged fraudulent and void and that the plaintiff have execution against said real property. The defendants answered separately, and in the answer of the defendant Jerome it is alleged: "For upwards of five years, namely, between January 1, 1893, and November 8, 1898, the defendant Mrs. Agatha Smith had worked for the defendant Lydia Jerome, at her special instance and request, as her housekeeper, nurse, and companion; that the said services were actually and reasonably worth one hundred ($100) dollars per year during said period; that said deed of conveyance was made, executed, and delivered in consideration of and in part payment for said services." The answer of the defendant Smith contains substantially the same allegations, except that it includes a statement that the defendant Jerome promised to pay said $100 per year. It does not appear that execution has ever been issued to the sheriff of the county in which said real property is situated, or that any effort has been made to collect said judgment from the life estate of the defendant Jerome in said real property.

The plaintiff on motion obtained an order that the defendants furnish a verified bill of particulars as follows: "(1) If the agreement between the above-named defendants alleged to have been in existence and mentioned in subdivision 2 and in folio No. 6 of the answer to the amended complaint of defendant Jerome was in writing, give a copy of it. (2) If said agreement was not in writing, then state when it was made, and when it was that wages of $100

per year was agreed upon between the said defendants as alleged in the section above mentioned. (3) State what part of said wages was agreed upon as the consideration for the transfer of the land in question, as alleged in the defendant Smith's answer to the amended complaint in subdivision 1 of the second section thereof. (4) State in full the consideration given by the defendant Smith to the defendant Jerome for the land, as alleged in the answer to the amended complaint of defendant Smith and mentioned in the section last above mentioned." The only reason appearing therefor, apart from the pleadings, is found in an affidavit of the plaintiff, in which he says "that he has no knowledge or information of any account as set forth in the defense in this action as existing between the defendants, and never has had any suspicion that such an account existed, as he is familiar with the apparent relations of the said parties, and does not now believe that any such account exists between the parties which has been made in good faith"; and in an affidavit of his attorney, in which he says "that deponent is entirely ignorant of the information asked for herein, and has no means of otherwise finding the particulars sought, and that plaintiff deems it unsafe to proceed to trial without the particulars herein demanded." From the order requiring said bill of particulars, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Fuller Bros. (Raymond D. Fuller, of counsel), for appellants.
Charles A. Stone, for respondent.

CHASE, J. Not at least without some special reason therefor should the defendants be required to furnish the plaintiff with the evidence relied upon by them to sustain their defense. Neither the date when the agreement between the defendants was made, nor the fact whether the agreement was oral or in writing, is in itself of importance in this action. The defendants have stated that the consideration for said deed was the services performed by the defendant Smith for the defendant Jerome, and no other or further consideration is claimed or alleged. No special reason being shown therefor, justice does not seem to require that the defendants should answer the questions as required by the bill of particulars, and we think that the court should not have granted the order.

The order should be reversed, with $10 costs and disbursements. All concur.