The judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs, and with leave to the plaintiff to plead over within six days upon payment of costs. All concur.

(55 Misc. Rep. 300)

### SHATZMAN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   June 27, 1907.)

STREET RAILROADS—INJURIES TO TRAVELERS—CONTRIBUTORY NEGLIGENCE.

In an action for injuries to the driver of a truck by collision with a street car approaching the truck from the rear, a clear preponderance of the evidence *held* to establish that plaintiff was negligent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 248–250.]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Jacon Shatzman against the New York City Railway Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

William E. Weaver, for appellant.

Max Brown, for respondent.

PLATZEK, J. This action is for personal injuries. The court gave judgment for plaintiff for $125 damages and costs. Defendant appeals.

Plaintiff himself and a doctor were the only witnesses for the plaintiff, while four witnesses were produced by defendant, two of whom were absolutely disinterested and gave a very clear narrative of the accident, of which they were eyewitnesses. The doctor above mentioned was not a witness to the accident and with regard to his testimony the court said:

"I cannot give the doctor's testimony any serious consideration at all. He has no recollection of when, how, or where he treated this man."

With regard to the accident, plaintiff claims that while he was in charge, as a driver, of a single truck, which was standing on the north-bound track on Sixth avenue, between Twenty-Seventh and Twenty-Eighth streets, where it had been standing for five minutes, a car ran into his truck, causing him to fall off the truck and receive the injuries of which he complains. Against this uncorroborated version of the accident, defendant's four witnesses testify that plaintiff was driving in the east roadway; that the truck swung over from such roadway to the north-bound track about 10 or 12 feet ahead of the car, which was going on Sixth avenue between Twenty-Seventh and Twenty-Eighth streets; that the motorman sounded his gong, put on the brake, and shouted, but before he could stop the car the corner of the fender caught the left wheel of the truck and shoved the truck against one of the elevated railroad columns. It seems to us that a

clear preponderance of evidence shows contributory negligence, and that the conclusion of the court below cannot be sustained. See Tyrrell v. Metropolitan St. Ry. Co., 110 App. Div. 873, 96 N. Y. Supp. 490; Mosesco v. Interborough Rapid Transit Co., 113 App. Div. 517, 99 N. Y. Supp. 345.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

SEABURY, J. (dissenting). I vote against the reversal of this judgment. The only issue involved was one of fact, and upon conflicting testimony the trial justice, who had an opportunity of seeing and hearing the witnesses, rendered judgment for the plaintiff. There is nothing improbable in the plaintiff's testimony, and the trial justice had placed upon it the stamp of his approval. Of the four witnesses called by the defendant, two were its employés and interested witnesses. Unless judgments are to be reversed merely because the defeated party calls more witnesses than its opponent, I can see no reason for reversing this judgment.

The judgment appealed from should be affirmed, with costs.